Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of candlesticks and candelabras similar in all material respects to those the subject of Abstract 62036, the claim of the plaintiff was sustained.

**No. 62660.**—Beer Stern Import Corp. et al. *v.* United States, protests 311417–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consists of narrow woven fabrics of cotton similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), the claim of the plaintiffs was sustained.

**No. 62661.**—Henry Pollak, Inc., et al. *v.* United States, protests 201332–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of straw hats similar in all material respects to those the subject of *Pollak Industrial Corp. et al.* v. *United States* (40 Cust. Ct. 251, C.D. 1991), the claim of the plaintiffs was sustained.

**No. 62662.**—Irving Goodkind & Co., Inc. *v.* United States, protest 253708–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of straw hats similar in all material respects to those the subject of *Pollak Industrial Corp. et al.* v. *United States* (40 Cust. Ct. 251, C.D. 1991), the claim of the plaintiff was sustained.

**No. 62663.**—Henry Pollak, Inc., et al. *v.* United States, protests 58/8845, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of straw hats similar in all material respects to those the subject of *Pollak Industrial Corp. et al.* v. *United States* (40 Cust. Ct. 251, C.D. 1991), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JANUARY 7, 1959

**No. 62664.**—The May Dept. Stores Co. v. United States, protests 158827–K and 165349–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the claim of the plaintiff was sustained.

**No. 62665.**—Eberling & Reuss Company et al. v. United States, protests 189608–K, etc. (Philadelphia).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C.C.P.A. 15, C.A.D. 458), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION. JANUARY 12, 1959

**No. 62666.**—Manca, Inc. v. United States, protest 314073–K (New York).

OLIVER, Chief Judge: This protest is before us for decision on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, that the merchandise on the invoice covered by the above protest, assessed with duty at 45% ad valorem under paragraph 228 of the Tariff Act of 1930 [as modified], was entered into warehouse as complete microscopes; that on September 15, 1955, application was made on customs form #3499 to manipulate and repack the merchandise; that the application was granted and the merchandise was repacked as described on said customs form #3499 under Customs supervision on or before November 1, 1955; and that the merchandise was withdrawn for consumption under a single withdrawal dated March 15, 1956.